UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIAM ALBERT LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-210-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff William Albert Logan and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 21, 22] Logan argues that the administrative law judge ("ALJ") assigned to his case erred in concluding that he is not entitled to Supplemental Security Income ("SSI") or Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 1382 *et seq.* (Supplemental Security Income), 401 *et seq.* (Disability Insurance Benefits). He seeks reversal of the ALJ's decision and an award of benefits. [Record No. 21] However, the Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 22] For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Logan.

**I.**

On February 16, 2011, Logan protectively filed applications for SSI under Title XVI and for DIB under Title II of the Act. 42 U.S.C. §§ 1382 *et seq.*, 401 *et seq.* [Administrative

Transcript, "Tr.," at pp. 196-204, 189-195] He alleged disability beginning September 15, 2007. Both claims were denied initially and upon reconsideration. On December 23, 2011, Logan, his attorney, and Vocational Expert ("VE") Joyce Forrest appeared before ALJ Greg Holsclaw for an administrative hearing. In a decision dated January 27, 2012, ALJ Holsclaw found that Logan was not disabled under §§ 216(i), 223(d), or 1614(a)(3)(A) of the Act. [Tr., pp. 21-30]

Logan was fifty-three years old at the time of the ALJ's decision. [Record No. 21-1] He has a high school education and a variety of past relevant work experiences from 1978 through 2007, including *inter alia* as a loader operator, flagger, and trucker. [Id.] Logan alleges that he became disabled due to the combined effects of knee pain and an unhealed clavicle fracture. [Tr., pp. 189-204]

After reviewing the record and considering the testimony presented during the administrative hearing, the ALJ concluded that Logan suffers from a number of severe impairments (including a fractured clavicles with osteoarthritis, degenerative joint disease of the shoulders and knees, and an amputated tip of a finger) and could not perform his past work. [Tr., p. 23] Notwithstanding these impairments, ALJ Holsclaw found that Logan retained the residual functional capacity ("RFC") to perform less than the full range of light work, subject to the following limitations:

> The claimant can lift or carry fifteen pounds occasionally, ten pounds frequently; stand or walk four hours out of an eight-hour workday. He can perform unlimited pushing or pulling up to the exertional limitation; but should not perform any overhead reaching bilaterally; and no more than occasional fine fingering with the left non-dominant hand. He can frequently balance or stoop; no more than occasionally climb ramps or stairs; never crouch, crawl or climb ladders, ropes or scaffolds; and requires a sit/stand option so that a change of position can occur every thirty minutes for

approximately three minutes in duration. In addition, the claimant should not perform work requiring significant math skills.

[Tr., P. 25]

Based on the VE's testimony, and after considering Logan's age, education, work experience, and RFC, the ALJ determined that Logan could perform other jobs that exist in the national economy. [Tr., p. 30] Accordingly, the ALJ concluded that Logan is not disabled under the Act. [Id.]

## II.

Under the Act, a "disability" is defined as "the inability to engage in substantial gainful activity because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with a "five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520 (a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant's severe impairment is expected to last for at least twelve months and meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work

experience. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If he is capable of performing past work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only as to "the fifth step, proving that there is work available in the economy that the claimant can perform." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 770, 785 (6th Cir. 2009) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision-makers can go either way, without interference from the Court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

### A.      Residual Functional Capacity

Logan argues that the ALJ failed to properly evaluate his RFC. [Record No. 21-1, p. 11] The RFC finding is the ultimate determination of what a claimant can still do, despite his physical and mental limitations, and is a matter reserved for the ALJ. *See* 20 C.F.R. §§ 404.1527(d), 404.1546(c), 416.927(d), 416.946(c); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). In making this determination, the ALJ considers the record as a whole, including the claimant's credible testimony and the opinions from medical sources. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The Sixth Circuit has recognized that "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of the claimant's residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal quotation marks omitted). All of the claimant's symptoms, including pain, are considered in determining the claimant's residual functional capacity and disability, to the extent that these symptoms "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. An ALJ's finding on the RFC will be upheld if it is supported by substantial evidence.

There must exist some objective medical evidence, established by medically acceptable clinical or laboratory diagnostic techniques, which demonstrates the existence of a medical impairment that could reasonably be expected to produce the symptoms alleged and that, when considered with all the evidence, would lead to a conclusion that the individual is under a disability. *See* 20 C.F.R. §§ 404.1529, 416.929. Here, the ALJ considered both medical and credibility evidence in determining Logan's RFC. [Tr., pp. 24-28] In making his assessment, the ALJ considered treatment notes and x-rays from Dr. Cynthia Schneider and Dr. Glenn Womack, Logan's treating physicians in 2004. [Tr., p. 24] In addition, the ALJ considered the medical opinions of Dr. Naushad Haziq, examining consultative physician, and Dr. Amanda Lange, state agency medical consultant. [Id.] Finally, the ALJ considered the Claimant's medical treatment record, the Claimant's own testimony, and testimony from Logan's family members. [Tr., pp. 24-30]

### 1.    Dr. Haziq's Testimony

Logan contends that the ALJ afforded the opinion of Dr. Haziq too little weight. [Record No. 21-1] On April 6, 2011, Dr. Haziq performed a consultative examination of Logan. [Tr., p. 426] ALJ Holsclaw noted that the Claimant reportedly exhibited a "slow cautious and wobbling gait and walked with a limp," but was "able to stand unassisted as well as rise from a seat and step up and down from the examination table." [Tr., p. 24] The examination revealed a nonunion of Logan's clavicles, with pain and tenderness in the shoulders, as well as moderate limitations of motion. [Tr., p. 428] Logan also demonstrated to Dr. Haziq the ability "to make a fist bilaterally and exhibited a full range of motion" and appeared "comfortable while seated and supine." [Id.]

Where the ALJ departed from Dr. Haziq's conclusions in his RFC determination, he adequately explained his reasoning for this departure. In April 2011, it was Dr. Haziq's opinion that Logan had a nonunion of both clavicles. However, the ALJ gave greater weight to the more recent treatment notes from Dr. Jennifer Hagenschneider that demonstrated "an old, healed fracture of the left mid clavicular shaft." [Tr., pp. 27, 433] Based on Dr. Hagenschneider's evaluation and x-rays, the ALJ concluded that the fractured clavicle had healed. Further, the ALJ considered Logan's own testimony and demonstrated capabilities. He found that, despite the limitations described in Dr. Haziq's examination, the Claimant "maintains an impressive array of abilities." [Id.]

Contrary to Logan's assertions, the ALJ explicitly evaluated Dr. Haziq's opinion and provided analysis for either accepting or rejecting each conclusion. The ALJ weighed Dr. Haziq's findings as supporting a determination of knee and shoulder impairment. [Tr., p. 23] However, in light of the entire record, the ALJ found that these impairments do not render Logan disabled. [Tr., p. 30]

### 2. Dr. Lange's Testimony

In finding Logan capable of a reduced range of light-level work, the ALJ relied on state agency consultant Dr. Lange's testimony. [Tr., p. 28] State agency consultants are experts in disability evaluation whose opinions may provide substantial evidence to support a finding of no disability. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2); *McClanahan,* 474 F.3d at 839. Because of this expertise, the opinions of state agency consultants may be entitled to great weight when supported by the evidence of the record. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); *see also Hibbard v. Astrue*, 537 F. Supp. 2d 867 (E.D. Ky. 2008). Additionally, it is not a *per se* error to ascribe more weight to a non-examining physician

over an examining or treating physician.  *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x

636, 642 (6th Cir. 2013).

Dr. Lange reviewed all of the evidence of record, including the findings of Drs.

Haziq, Schneider, and Womack.  [Tr., p. 92]  The ALJ's decision attributed "intermediate

weight" to Dr. Lange's conclusions, "as they are generally consistent with the medical

evidence of record."  [Tr., p. 28]  ALJ Holsclaw found that Dr. Lange's review reflected Dr.

Haziq's determination of instability of both knees and weakness in the clavicles.  [Tr., p. 90]

The review also relied on Dr. Hagenschneider's x-rays, revealing that the fractures had

healed and suggesting rotator cuff disease.  [Id.]  These findings are consistent with the

Claimant's alleged knee problems and difficulty "holding things overhead for an extended

period of time."  [Tr., p. 92]

Although the Claimant argues that the ALJ relied too much on Dr. Lange's findings,

ALJ Holsclaw indicated that Logan received the "benefit of the doubt regarding his physical

limitations" to the extent that the RFC differs from Dr. Lange's opinion.  [Tr., p. 28]

Accordingly, the ALJ included greater limitations in the RFC than Dr. Lange indicated.  [Id.]

The ALJ reduced Logan's standing and walking ability to four hours out of an eight-hour

workday, provided for a sit/stand option with a change of position every thirty minutes, and

found that Logan was limited to frequent – rather than unlimited – balancing.  [Tr., pp. 25,

90-91]  While Dr. Lange indicated that Logan could occasionally crouch, crawl, or climb, the

ALJ found that Logan was altogether precluded from these movements.  [Id.]  The RFC

determination reflects these accommodations to Logan's credible limitations.

### 3. The Claimant's Testimony

Logan further claims that the ALJ did not afford enough weight to the Claimant's own testimony regarding his abilities. [Record No. 21-1] As a practical matter, the weight of objective medical evidence remains an important consideration in the assessment of credibility. The ALJ found that, although the Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they conflicted with the RFC assessment. [Tr., p. 26] An ALJ is not required to accept the Claimant's testimony as fully credible. *See Jones,* 336 F.3d at 476.

ALJ Holsclaw's conclusions regarding Logan's subjective complaints were not unreasonable or outside the scope of his authority. The record contains significant inconsistencies with the Claimant's testimony. Since the date of Logan's alleged onset of disability, he has been able to build birdhouses, ride a four-wheeler, wash dishes, take out the trash, clean, fish, visit friends, and attend races. [Tr., pp. 55-59, 62, 223] Moreover, the ALJ noted that Logan's medical records fail to reflect more than minimal treatment for his impairments. [Tr., p. 27] At best, Logan's diagnostic history suggests "sporadic medical treatment" in which "the claimant was somewhat noncompliant." [Id.] This is inconsistent with claims of disabling limitations. *See Blacha v. Sec'y of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990) (a claimant's failure to seek treatment undercuts complaints of disabling symptoms). In evaluating Logan's credibility, ALJ Holsclaw noted that, although such inconsistencies "may not be the result of a conscious intention to mislead," they "nevertheless suggest that the information the claimant provided may not be entirely credible." [Tr., p. 27]

Logan's argument on this issue is little more than an improper request for this Court to re-weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). ALJ Holsclaw's credibility decision was based on inferences drawn from the record that were supported by substantial evidence. The "findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Therefore, the Court will not disturb ALJ Holsclaw's credibility determination.

### 4. Lay Opinions

Logan also claims that the ALJ improperly rejected the lay opinions of his mother, Alma Mule, and half-sister, Glenda Cord, in calculating his RFC. [Record No. 21-1] However, ALJ Holsclaw considered the function reports and affidavits submitted by Mule and rejected them to the extent that they were inconsistent with other substantial evidence of record. [Tr., p. 28] Specifically, the ALJ noted Mule's testimony that Logan "was able to use a riding lawn mower up to three hours once per week . . . occasionally goes to races, handles stress well, but cannot lift over 20 pounds." [Id.] Likewise, the ALJ considered Cord's testimony that Logan's impairments had worsened, leaving him only able to walk "five minutes at one time." [Id.]

After examining the record as a whole, ALJ Holsclaw noted that he "accorded [the family members' testimony] little weight, inasmuch as they are neither trained to make objective observations, but may have their perception clouded by a desire to help the claimant." [Id.] *See Gustafson v. Comm'r of Soc. Sec.*, 550 F. App'x 288, 289 (6th Cir. 2014) (ALJ reasonably discounted the testimony of the claimant's father on the basis that it

conflicted with other substantial evidence of record, including the claimant's daily activities and the opinions of evaluating doctors).

The ALJ did, however, consider the family's evaluations as non-medical sources in helping to determine "the frequency and severity" of Logan's limitations.[1] [Tr., p. 28] After properly reviewing the evidence of record, including the testimony of Logan's mother and sister and the available medical opinions, ALJ Holsclaw concluded that Logan had a RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). Substantial evidence supports this conclusion.

## B.     VE's Testimony

Finally, Logan argues that the Commissioner failed to meet his burden of establishing that there are a significant number of jobs in the national economy that Logan can perform. He contends that the hypothetical question that ALJ Holsclaw posed to the VE failed to include an accurate description of Logan's limited ability to push, pull, or reach laterally, as well as his inability to balance, squat, bend, or climb ramps or stairs. [Record No. 21-1] However, an ALJ is permitted to rely on the VE's answer to a hypothetical question to the extent the assumptions included in the hypothetical are supported by substantial evidence. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The VE's answers to these questions are supported by substantial evidence "only if the question accurately portrays [the claimant's] individual physical and mental impairments." *Id.*

---

[1]     Moreover, even if the ALJ did not specifically address the family's affidavits, the omission would not constitute reversible error. An ALJ is not required to provide a detailed analysis of each piece of evidence in the record. *See Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006).

Here, the VE's testimony at the December 23, 2011 hearing was in response to a valid hypothetical which accurately portrayed the limitations set forth in Logan's RFC. [Tr., pp. 75-78] Based on the hypothetical, the VE found that an individual of Logan's age, education, and work experience and suffering from impairments identical to Logan's RFC would be capable of performing several jobs in the national economy. [Tr., p. 77-78] Possible positions include work as a machine operator,[2] inspector or sorter,[3] and a security guard in a non-hazardous position.[4] The VE's testimony relies, in part, on the ALJ's assessment of what a claimant can or cannot do. *See* Webb, 368 F.3d at 632-33. As mentioned earlier, the ALJ found that Logan has the residual functional capacity to perform light work, impeded by additional limitations. The Court has already concluded that the ALJ's RFC determination applied the proper legal standard and was supported by sufficient evidence. While Logan argues that his impairments cause greater limitations than those recognized by the ALJ, objective evidence in the record supports the ALJ's determinations, which were incorporated into the hypothetical questions to the VE.

The evidence of record does not support the more restrictive limitations Logan claims, and ALJ Holsclaw properly did not account for these limitations in the hypothetical posed to the VE. *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). Thus, the ALJ correctly relied on the VE's testimony as substantial evidence in support of

---

[2]        DOT Code 619.685-038

[3]        DOT Code 784.687-042

[4]        DOT Code 372.667-034

the conclusion that there are a significant number of jobs that Logan is capable of performing.

**IV.**

Although Logan suffers from some impairment, he has not established that he is disabled under the Act. The ALJ did not err in his evaluation of Logan's case and his decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff William A. Logan's Motion of Summary Judgment [Record No. 21] is **DENIED**.

2.      Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 22] is **GRANTED**.

3.      The decision of Administrative Law Judge Greg Holsclaw will be **AFFIRMED** by separate Judgment entered this date.

This 29th day of October, 2014.



Signed By:
Danny C. Reeves
United States District Judge